# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF INDIANA

NICHOLAS SERRANO,          )
                                     )
       Petitioner,          )
                                     )
            v.                )       CAUSE NO. 3:07-CV-550-TS
                                     )
WILLIAM WILSON,          )
                                     )
       Respondent.      )

## OPINION AND ORDER

Nicholas Serrano, a *pro se* prisoner, filed this Habeas Corpus Petition [DE 1] challenging his 365-day loss of earned credit time and demotion to credit class II in case number WCU 07-04-0538.[1] On May 3, 2007, the Westville Correctional Unit Disciplinary Hearing Board (DHB) found him guilty of possession of or use of any explosive, ammunition, hazardous chemical (e.g. acids or corrosive agents) or dangerous or deadly weapon in violation of A-106. The Respondent filed a Return [DE 7, 8], and the Petitioner has filed a Traverse [DE 11].

The Petitioner raises four grounds in his Petition. First, he argues that he was denied the opportunity to submit evidence because the DHB did not review a videotape of this incident. When he was screened for this offense, he asked to "review video 4/14/07 @ 11:30 am/12:30 pm." (DE 8-3.) Here, the DHB tried to review that video, but explained on the Review of Video Evidence form: "No video available. Incident was not captured on camera." (DE 8-6.) *Wolff v. McDonnell*, 418 U.S. 539 (1974), guarantees the right to present relevant, exculpatory evidence,

---

[1] Although Serrano also lost telephone privileges, was placed in segregation, and received an additional suspended 30-day loss of earned credit time, habeas relief is only available for punishment which lengthens the duration of confinement. *See Hadley v. Holmes*, 341 F.3d 661, 664–65 (7th Cir. 2003). Because these punishments did not extended his sentence, he was not entitled to due process before these actions were taken. *See Sandin v. Conner*, 515 U.S. 472, 485 (1995) ("Discipline by prison officials in response to a wide range of misconduct falls within the expected parameters of the sentence imposed by a court of law.")

but because no video of the incident existed, it was not a due process error for the DHB to have refused to consider it. Indeed, it would have been impossible to do so.

Second, the Petitioner argues that he was denied the opportunity to submit the statement of "Benito P2" whom he requested as a witness during his screening. (DE 8-3.) As with the video, Benito could not be located, despite postponing the hearing from April 24, 2007, until May 3, 2007, in an effort to locate Benito. Based on the request as written on the screening report [DE 8-3], is it unclear whether Benito is a first or last name or nickname. Because Benito could not be located, it was not a due process error for the DHB to have proceeded without him. Furthermore, "prisoners do not have the right to call witnesses whose testimony would be irrelevant, repetitive, or unnecessary." *Pannell v. McBride*, 306 F.3d 499, 503 (7th Cir. 2002). Here, Serrano did obtain the statements of two other inmates: Jose Herrera [DE 8-12] and Marco Lopez [DE 8-11]. On the screening report, the Petitioner stated that he expected the testimony of all three of his requested witnesses to be the same: "Crutch used to protect myself." (DE 8-3.) Because Benito's testimony would have been repetitive after the testimony of Herrera and Lopez, Benito's absence was neither prejudicial nor a due process error.

Third, the Petitioner argues that the DHB did "not explain why the inmate was denied witnesses and evidence . . . [and did] not say why it believed the officer over inmate live testimony." (Petition 5, DE 1.) The Seventh Circuit has explained:

> Due process requires that an inmate subject to disciplinary action is provided a written statement by the factfinders as to the evidence relied on and the reasons for the disciplinary actions. Written statements ensure both administrative accountability and meaningful review. The written statement requirement, however, is not onerous. The statement need only illuminate the evidentiary basis and reasoning behind the decision.
> We have repeatedly upheld the sufficiency of written statements that indicate only what evidence was relied on to make the decision, and why.

*Scruggs v. Jordan*, 485 F.3d. 934, 941 (7th Cir. 2007) (quotation marks and citations omitted).

Here, the DHB explained why it did not review the video by writing "No video available" on the

Review of Video Evidence form [DE 8-6]. The explanation for why no statement was obtained

from Benito is written on the screening report [DE 8-3], the Postponement of Disciplinary

Hearing form [DE 8-4], and the form on which Benito would have written his statement if he had

been located [DE 8-10]. In addition, the DHB clearly and adequately explained its decision on

the Report of Disciplinary Hearing. "Bd. finds J3 Serrano guilty. C/R [conduct report] supports

charge & clearly states the Ofc. observed Serrano with a crutch in his poss. holding it like a ball

bat." (DE 8-5.)

Additionally, the Petitioner argues that the charge does not fit because he did not possess

an explosive. This argument is disingenuous. Many of the reports used by the state lack the room

to print the full name of the offense, and in many instances the offense title was shortened to

something similar to "possession or use of any explosive." The record makes clear that the full

title of the charge is "possession of or use of any explosive, ammunition, hazardous chemical

(e.g. acids or corrosive agents) or dangerous or deadly weapon" (DE 11-7 at 3.) Indeed, he

even attached a copy of the page from the Adult Disciplinary Policy showing the full title of the

offense charged against him. (DE 11-7 at 3.) Furthermore, the Report of Conduct (DE 8-2) and

his response at screening (DE 8-3) make it clear that he was fully informed that he was charged

with possessing a dangerous weapon by holding a crutch like a baseball bat.

Finally, the Petitioner argues that there is no evidence to support the charge against him.

The officer who wrote the conduct report stated:

> As I entered the North Wing, I looked to my right and saw offender Mazone,
> Artaro #161830 and Offender Serrano, Nicholas 159344 each of the two

offenders had a crutch in their possession holding it like a baseball bat. The two offenders were given loud clear orders to drop the crutches two times, after the second order, I then deployed my chemical agent . . . .

(DE 8-2.) Here, the conduct report alone meets the "some evidence" standard for the charge that he possessed a dangerous weapon. "In reviewing a decision for some evidence, courts are not required to conduct an examination of the entire record, independently assess witness credibility, or weigh the evidence, but only determine whether the prison disciplinary board's decision to revoke good time credits has some factual basis." *McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999) (quotations marks omitted). In that case, an officer's disciplinary report "alone provides 'some evidence' for the CAB's decision. The brevity of the report, which McPherson finds important, is not fatal because the report describes the alleged infraction in sufficient detail. There is no question that the conduct described would violate the prison rule." *Id.* Similarly, in this case the testimony of the reporting official is some evidence of guilt. It was not unreasonable for the DHB to find that statement credible and find the Petitioner guilty.

Because Serrano has presented no basis for habeas corpus relief, the Petition [DE 1] is DENIED.

SO ORDERED on March 19, 2009.

  s/ Theresa L. Springmann
THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT
FORT WAYNE DIVISION